UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLENE THOMPSON,

        Plaintiffs,                              Hon. Janet T. Neff

v.                                             Case No. 1:15 CV 828

BRUCE PATULSKI,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

On June 24, 2015, the personal representative of the estate of Miriam Patulski petitioned the Manistee County Probate Court for an Order requiring Bruce Patulski to surrender possession of a trailer owned by the estate of Miriam Patulski. (Dkt. #1 at Page ID# 10-11). On August 17, 2015, Bruce Patulski removed the matter to this Court. (Dkt. #1). For the reasons discussed herein, the undersigned recommends that this action be **remanded** for lack of subject matter jurisdiction.

As the Sixth Circuit has held, "[i]t is well-settled that 'a federal court has no jurisdiction to probate a will or administer an estate." *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). By removing to this Court the petition in question, Bruce Patulski is requesting that this Court exercise jurisdiction over the administration of the estate of Miriam Patulski. This Court lacks the authority to so act. Bruce Patulski also appears to be challenging the appointment of Jolene Thompson as the personal representative of the estate of Miriam Patulski, a matter likewise beyond this Court's jurisdiction. Accordingly, the undersigned recommends that this matter be remanded to the Manistee County Probate Court. *See* 28 U.S.C. § 1447(c) ("[i]f at

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 2, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge